# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CR-10-50066-PHX-SRB (JZB) |
|---|---|---|
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Marquis Lamont Smith, | ) | |
| Defendant. | ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Pending before the Court is a Petition, filed on May 25, 2016, alleging violations of supervised release. Pursuant to a Standing Order of Referral, dated July 9, 2014, the Honorable Susan R. Bolton, United States District Judge, referred the Petition to Revoke Supervised Release in the above-numbered case to the undersigned Magistrate Judge to conduct a "hearing and preparation of findings and recommendations . . . and submit the necessary Report and Recommendation . . ." as authorized under 18 U.S.C. § 3401(i) and 28 U.S.C. § 636(b)(3). The parties consented in writing that this Magistrate Judge conduct this hearing on the Petition. (Doc. 48.)

**I.   Procedural Background**

On January 9, 2006, Defendant was sentenced to 64 months of imprisonment and 60 months of supervised release for the offense of Transporting a Minor with Intent to Engage in Sexual Activity. (Doc. 30 at 1.) On June 25, 2013, the Court revoked

Defendant's supervised release, and sentenced Defendant to six months of imprisonment and 54 months of supervised release. (Doc. 15.) On March 10, 2015, the Court revoked Defendant's supervised release and sentenced him to eight months of imprisonment and 46 months of supervised release. (Doc. 29.)

On October 2, 2015, Defendant commenced his third term of supervised release. On May 25, 2016, a Petition to Revoke Supervised Release was filed alleging five violations. (Doc. 30.)

On August 23, 2016, this Court conducted an evidentiary hearing. At the outset of the hearing, the Court granted the Government's motion to dismiss Allegations A, C, and D. The Government proceeded on the two remaining allegations:

> Allegation B: **<u>Special Condition #3</u>** which states, "*You shall report to the probation officer in a manner and frequency directed by the court or probation officer.*"
>
> Smith failed to submit monthly supervision reports for the following months: December 2015, January 2016, and April 2016, as evidenced by U.S. Probation records. Grade C violation. §7Bl.l (a)(3)(B).
>
> Allegation E: **<u>Special Condition #1</u>** which states, "*You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.*"
>
> Smith failed to appear and participate in substance abuse treatment sessions on the following dates: December 8, 2015, December 15, 2015, December 22, 2015, December 29, 2015, January 19, 2016, February 9, 2016, February 23, 2016, and March 15, 2016, as evidenced by U.S. Probation records. Grade C violation §7Bl.l (a)(3)(B).

(Doc. 30 at 2.)

Defendant was present and assisted by counsel. The Government called Probation Officer Jeffrey Short and admitted Exhibit 3 into evidence without objection by Defendant. Defendant called Karen DiFrancensco and admitted Exhibits 100 and 103 without objection. The Defendant testified.

## II. Findings of Fact

The Court submits the following findings of fact.

### a. Probation Officer Jeffrey Short

On October 5, 2015, Officer Short met with Defendant and reviewed his conditions of supervised release. Defendant was orally advised that he was required to submit monthly supervision reports at the end of each month. Defendant was advised that the reports must be turned in within 15 days of the first day of the following month. Defendant was also required to participate in weekly substance abuse counseling.

#### i. Monthly Reports

On November 16, 2015, Officer Short completed an oral monthly report with Defendant for October. Officer Short reminded Defendant of the importance of turning in written monthly reports as required. Defendant did not submit a report for December 2015 or January 2016. Officer Short asked Defendant why he did not submit reports, and Defendant advised that he "forgot."

Defendant did submit written reports for February and March. Defendant filled out and submitted written reports for February and March at an April 4, 2016 meeting with Officer Short. Defendant did not submit a written report for May 2016.

#### ii. Substance Abuse Treatment/Counseling

On December 1, 2015, Defendant signed a counseling treatment plan that required him to attend weekly individual counseling sessions and weekly cognitive behavioral group sessions. (Ex. 3 at 1.) The group-session requirement was eliminated on January 27, 2016, but individual counseling remained. (*Id* at 2.)

Defendant did not attend individual or group counseling sessions in December 2015. Defendant did not provide an excuse for his lack of attendance. Defendant did not attend individual counseling on January 19, 2016, and did not call the counselor prior to missing the meeting. (Ex. 103.) Defendant did not attend individual counseling on February 9 and 23, 2016. (*Id*.) Defendant called prior to the sessions and stated he was sick on one occasion, and was at work for the other session. (*Id*.) Defendant did not

attend individual counseling on March 15, 2016, although he called prior to the meeting to notify staff.[1]

### b. Karen DiFrancesco

Karen DiFranceso, Defendant's counselor at TASC, authored monthly reports regarding Defendant from January to May 2016. She had individual counseling sessions with Defendant. Defendant's progress from January to May was documented as "Acceptable." She documented that Defendant "met" his treatment goals from January to May 2016. (*Id*.) Defendant's behavior and commitment to treatment were documented as "positive" for each month. (*Id*.) From January to May, 2016, Defendant addressed his goals of improving relationships, maintaining sobriety, and addressing mental health needs. (*Id*.)

### c. Marquis Smith

Defendant agreed he failed to turn in reports in December and January. He did not think Officer Short required timely forms because he was able to submit tardy monthly reports for February and March when he met with Officer Short on April 4, 2016. He testified that he thought he turned in his April report when it was due in May.

Defendant agreed he missed all of his counseling sessions in December 2015. He missed these sessions due to "confusion," "diversion," "honest mistake," and that his "routine hadn't established yet." Defendant told his counselor he was willing to change his behavior. Defendant agreed he missed the other dates listed in the Petition. Defendant believed that if he missed a meeting, then it would merely delay his graduation because additional sessions would be added to the end of his counseling program.

## III. Conclusions of Law

"A district court may 'revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release…if the court…finds by a preponderance of the evidence that the defendant violated a condition of supervised

---

[1] Defendant also did not attend counseling sessions on April 5 and 26, 2016, although those dates are not alleged in the Petition. (Ex. 103.)

4

release.'" *United States v. Vallejo*, 69 F.3d 992, 994 (9th Cir. 1995) (quoting 18 U.S.C. § 3583(e)(3)). The Court is required to determine if Defendant 1) reported to the probation officer in a manner and frequency as directed (Allegation B) and 2) participated as instructed by the probation officer in a program of substance abuse treatment (Allegation E).

### a. (Allegation B) Monthly Reporting

It is undisputed that Defendant failed to submit reports for December 2015 and January 2016. On October 5, 2015, Defendant was orally instructed to turn in monthly reports. In November 2015, Officer Short reminded Defendant of this duty. Defendant submitted reports for February and March during his April 4, 2016 visit with Officer Short. Defendant testified that he thought he submitted an April 2016 written report, but the record does not support that assertion. Officer Short testified the report was not submitted and Defendant did not consistently submit reports. Officer Short's testimony on this point was credible.

The Court finds that Defendant failed to submits reports for December 2015, January 2016, and April 2016. Defendant failed to report to the probation officer in a manner and frequency as directed.[2]

### b. (Allegation E) Substance Abuse Treatment Participation

Defendant was required to "participate as instructed by the probation officer in a program of substance abuse treatment." (Doc. 29.) Defendant signed a treatment plan requiring weekly attendance at counseling seessions beginning on December 1, 2015. (Ex. 3.) Defendant failed to attend weekly group and individual counseling sessions in

---

[2] During the hearing, Officer Short testified that Defendant complied with his reporting requirements for February and March 2016 when Defendant submitted those reports during the April 4, 2016 meeting. Officer Short testified that <u>if</u> Defendant had also submitted reports for December 2015 and January 2016 at that meeting, then Defendant would have complied with his reporting requirement. The Court told the Government it was concerned that the failure to submit monthly reports for December and January appeared quite technical when the February report was accepted in April. The importance of monthly reporting appears diminished if the requirement is not established in writing and if monthly reports can be submitted months after they are due.

5

December 2015. Defendant also failed to attend counseling sessions on January 19, February 9 and 23, and March 15, 2016. Although Karen DiFrancesco found Defendant's progress, from January to May 2016, to be acceptable and found he met his treatment goals, Defendant's obligation to comply with supervised release terms derives from Judge Bolton's March 10, 2015 Order requiring Defendant to participate as instructed by the "probation officer." (Doc. 29.) Defendant was required by Officer Short to submit to a "weekly" program of substance abuse treatment. Defendant signed the treatment program plan requiring weekly attendance. (Ex. 3.)

The Court finds that Defendant did not comply with the probation officer's written directive that Defendant attend weekly counseling sessions. (Ex. 3.) Defendant agreed he failed to attend the sessions listed in the Petition. Defendant explained that he "got off to a rough start" in December 2015, and thought he could "make up" missed sessions from 2016 by adding weeks of counseling to his treatment program. Defendant never obtained permission from Officer Short to change his obligations. Defendant did not comply with the requirement that he "participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse." (*Id.*)

**IV.   Recommendation**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and LRCrim 57.6(d)(4), Rules of Practice for the District of Arizona, the undersigned Magistrate Judge **RECOMMENDS** that the Honorable Susan R. Bolton, United States District Judge, after an independent review of the record, find Defendant violated the terms of supervised released contained in Allegations B and E.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

**IT IS ORDERED** setting a final disposition hearing for **September 20, 2016**, at **3:30 p.m.** before the Honorable Susan R. Bolton, United States District Judge, in

Courtroom 502, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona.

**IT IS FURTHER ORDERED** that the U.S. Probation Department shall prepare a Disposition Report and the Defendant shall cooperate with the Probation Department in its preparation of the Disposition Report.

**IT IS FURTHER ORDERED** the parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rule 59(b)(2), Federal Rules of Criminal Procedure. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 59, Federal Rules of Criminal Procedure.

Dated this 29th day of August, 2016.

Honorable John Z. Boyle
United States Magistrate Judge